GARCÍA v. AMERICAN R. R. Co. OF PORTO RICO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez. MOCIÓN para desestimar la apelación.

No. 734.—Resuelto en octubre 10, 1911.

DESESTIMACIÓN DE APELACIÓN—PRESENTACIÓN DE LA TRANSCRIPCIÓN DE AUTOS FUERA DE TÉRMINO.—En este caso la parte apelada solicitó que se desesti-

mara la apelación por haberse presentado la transcripción de autos fuera del término de 30 días que marca la ley. El tribunal resolvió, que habiéndose notificado la moción de desestimación a la parte apelante cuando ya la transcripción había sido radicada en Secretaria, no debe desestimarse el recurso de acuerdo con el artículo 58 del Reglamento de este tribunal, que dispone que cuando la transcripción de autos está presentada en secretaría en la fecha en que se notifica la moción de desestimación, esto constituye una contestación eficaz a la moción, aun en el caso de que la transcripción se presentara fuera del término legal.

Id.—Entrega de Copia Literal de la Transcripción de Autos a la Parte Apelada—Formalidad Legal que no Afecta a la Jurisdicción.—La parte apelada solicitó que se desestimara esta apelación por no habérsele entregado copia literal de la transcripción de autos, ni constar de los autos la certificación de la entrega. El tribunal resolvió que examinado el último párrafo del artículo 299 del Código de Enjuiciamiento Civil, enmendado por ley número 70 de marzo 9, 1911, resulta que la constancia de haberse entregado a la parte apelada copia literal de la transcripción de autos, no es elemento esencial e integrante del récord, sino que es una formalidad legal que no afecta a la jurisdicción de esta corte y cuya omisión puede subsanarse en tiempo, como en efecto se subsanó en el caso de autos en tiempo oportuno, no procediendo por tanto la desestimación del recurso por este fundamento.

Los hechos están expresados en la resolución.

Abogado del promovente: *Sr. José Benet.*

Abogados de la parte contraria: *Sres. N. B. K. Pettingill y Fernando Vázquez.*

RESOLUCIÓN.

La demandante y apelada Dolores García Nazario presentó moción en 14 de agosto último, para que se desestime el recurso de apelación interpuesto por la demandada The American Railroad Company of Porto Rico, contra la sentencia pronunciada en el juicio, y alega como motivos de su pretensión los siguientes: 1°. Que la apelante ha dejado transcurrir el término legal para presentar la transcripción del récord, y 2°. Que tampoco se ha dado traslado a la parte apelada del récord de la apelación, lo que ha debido justificarse mediante la certificación prevenida en el último párrafo del artículo 299 del Código de Enjuiciamiento Civil, tal como ha sido enmendado por la ley número 70 de 9 de marzo del corriente año.

Resulta que la sentencia de la corte inferior fué dictada y registrada en 21 de diciembre del año 1910, y que el recurso

de apelación con notificación del mismo a la parte contraria fué presentado o archivado en 30 del propio mes, habiéndose aprobado la exposición del caso en 3 de mayo del corriente año, y presentádose el récord en la secretaría de esta corte en 4 de agosto último, sin constancia alguna de haberse entregado copia literal del mismo a la parte apelada.

El último párrafo del artículo 299 del Código de Enjuiciamiento Civil, tal como ha sido enmendado, dice así:

"Constituirá el récord de una apelación, la certificación que librará el secretario del tribunal *a quo* a los abogados de las partes del legajo de la sentencia y de la notificación de la apelación. Dicha certificación deberá ser archivada en la Secretaría de la Corte Suprema dentro de los treinta días siguientes al en que se haya aprobado el pliego de excepciones y exposición del caso, con la constancia de haberse entregado a los abogados de las partes apeladas una copia literal de la misma certificada por el abogado del apelante."

La copia de la transcripción del récord fué entregada al abogado de la parte apelada en siete de septiembre, después de presentada la moción y archivado el récord en secretaría, y antes del día 2 de los corrientes en que tuvo lugar la vista de dicha moción.

Examinado el precepto legal que dejamos transcrito, entendemos que la certificación de la entrega del récord a la parte apelada no es elemento esencial e integrante del mismo récord, pues según los términos en que aparece redactado aquel precepto legal, constituye el récord de una apelación, la certificación expedida por el secretario del tribunal inferior del legajo de la sentencia y de la notificación de la apelación. La constancia de haberse entregado al abogado de la parte apelada una copia literal de la certificación es una formalidad legal que no afecta a la jurisdicción de esta corte, y cuya omisión puede subsanarse en tiempo en que no se lastimen los derechos de la parte apelada, la que en el presente caso no ha sufrido perjuicio alguno, pues recibió copia del récord en 7 de septiembre último en que estaba esta corte de vacaciones,

teniendo por tanto, tiempo suficiente para preparar el estudio del caso.

En síntesis. Opinamos que habiéndose notificado la moción de que se trata a la parte apelada en 11 de agosto de 1911, cuando ya el récord había sido archivado en secretaría desde el día 8 del propio mes, es de aplicación el artículo 58 del Reglamento de este tribunal, preceptivo de que cuando la copia de los autos está presentada en la fecha en que se hace la notificación de la moción, ese hecho constituirá una contestación eficaz a la moción, aun en el caso de que el récord no se hubiese presentado dentro del término prescrito; y como por otra parte, la certificación creditiva de la entrega del récord a la parte apelada no es elemento esencial del récord, y la omisión de tal certificación ha sido subsanada sin causar perjuicio alguno a la parte apelada, tampoco puede prosperar la moción por el segundo fundamento alegado.

Por las razones expuestas se deniega la moción de la parte apelada, y no ha lugar a desestimar el recurso.

*Desestimada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf, del Toro y Aldrey.